## H. C. Scott v. The State.

No. 21023. Delivered May 1, 1940.

The opinion states the case.

*Cunningham, Lipscomb & Cole,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a judgment of the County Court of Fannin County assessing a penalty of $100.00, as hereinafter set out.

The charge in the case contains two counts; the first alleging the possession of liquor with no stamps attached showing the payment of tax on said liquor due to the State of Texas and no evidence affixed showing the payment of same. The second count charges the possession of liquor for the purpose of sale in a dry county.

The verdict of the jury, as found in the judgment, does not indicate on which count the jury found the appellant guilty.

There are several questions involved in this case which have been only briefly considered in presenting the appeal. We think that the case of J. M. Austin v. State, No. 20,951, decided on April 17, 1940,* will be enlightening upon another trial of this case.

By Bill of Exception No. 6 complaint is made that the court rested upon the appellant an undue burden to show that he did not give permission to Ray Allen or John Ridinger to search his automobile. This seems to be well taken and the jury should have been instructed to give the defendant the benefit of reasonable doubt.

Appellant presented his Bill of Exception No. 8, and the trial judge attached his qualification thereto which, if effective, explained away and wholly destroys the bill. However, by Bill of Exception No. 10, it is shown that said bill was prepared and presented to the county judge and that he quali-

*Not released by court at date of publication.

fied the same without giving to the attorneys an opportunity to examine it and object thereto, and that it had been filed with the county clerk a day or two before they discovered that the qualification had been placed on it. They objected to this qualification of Bill No. 8 and the court approves it as correct with all statements with reference to it. Under this state of facts, the qualification becomes erased, and the bill stands as if approved when presented to the trial judge. Had the court desired to insist further on his qualification, he might have prepared his own bill and filed it, after which appellant would have had the privilege of preparing a bystanders' bill. In this event both bills would have been before the court. The result of the procedure is that we have before us appellant's Bill of Exception No. 8 as effective as if it had been originally approved by the trial judge. In this bill it is certified that the county attorney, in his closing argument, made statements of facts to the jury which were "prejudicial, highly improper, there being no evidence in the case that Charlie Jones was a negro or that the County Attorney knew any other facts that he would be authorized to testify to." It is further certified that "said argument, which was unauthorized and prejudicial to the defendant, * * *." As a matter of course, the learned trial judge did not mean to place before this court a bill certifying to such facts. Otherwise he would have granted the motion for a new trial in the case, but the bill, which we must consider, contains it, even though it results from the fact that the qualification was erased from the bill and the trial judge failed to prepare his own bill covering the question. The State's remedy would have been to request the court to prepare such a bill. McKee v. State, 34 S. W. (2d) 592; Roberts v. State, 27 S. W. (2d) 159, and authorities there cited.

For the errors pointed out, the case is reversed and remanded for a new trial.