**William Vernon ALLEN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45391.

Court of Criminal Appeals of Texas.

Nov. 29, 1972.

Will Gray, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Richard Hoffman, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for unlawful possession of a narcotic drug, to-wit: demerol; trial was before the court and punishment was assessed at fifteen years.

Appellant contends his verbal expression of consent to search his automobile, service station and apartment did not constitute waiver of his constitutional right to refuse consent, and that "the contraband recovered from his apartment was the fruit of the primary illegality arising from his initial detention and the invalid search of his automobile."

Narcotic Agents Martinez and Curtis, along with Baytown Officers Clepper and

Montemayor, acting upon information received by Curtis from a confidential source that appellant had a large supply of drugs in his car for the purpose of sale, followed appellant's car to a service station on Interstate 10 (later determined to be appellant's station). After identifying themselves as officers, Curtis told appellant they had information that he had a large quantity of drugs in his vehicle and they would like permission to search his car. According to Curtis, appellant said he would be glad to give them permission to search his car, his service station, or any place else or anything else he might have. Appellant unlocked the trunk of the car and a search by the officers revealed some marihuana seeds, a hashish pipe and some cigarette rolling papers. The service station was searched, appellant unlocking rooms for the officers, and nothing was found. Curtis testified that appellant then said, "If you like, you can come search my house. I have nothing to hide," and that appellant repeated the invitation to search after telling the officers where he lived. It was decided that appellant would lead the way to the apartment in his car, and the officers would follow in another car. Upon arrival at the apartment, appellant unlocked the door and invited the officers in saying, "This is my apartment. You can come in and search. You won't find anything." The search of appellant's apartment revealed a quantity of tablets later identified as isonipecaine.

 Consent to search must be shown to be positive and unequivocal. There must not be duress or coercion, actual or implied. Amos v. United States, 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654; Overton v. N. Y., 393 U.S. 85, 89 S.Ct. 252, 21 L.Ed.2d 218. The officers in the instant case were in plain clothes and no guns were visible or displayed. No representation was made to appellant that a search warrant would be obtained if he did not give his consent. Appellant did not testify nor did he offer any evidence in his behalf. We find no testimony which would suggest that there was duress or coercion, actual or implied, in obtaining the consent to search.

 The burden is upon the State to show by clear and convincing evidence that the consent was freely and voluntarily given. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797. The State has discharged such burden in the instant case. Not only did appellant agree to the search of his automobile, he volunteered consent to search his station and apartment. We find the consent given by appellant to search his car, service station and apartment to have been an intelligent, knowledgeable waiver given without duress or coercion. See DeVoyle v. State, Tex. Cr.App., 471 S.W.2d 77. The absence of a showing that the officers warned appellant of his right to withhold his consent to search does not render the waiver invalid. The holding in DeVoyle v. State, supra, wherein it was said, "Even though good police practice, we hold that it is not a requirement that the validity of consent to search is dependent upon giving of the 'Miranda' warnings," would dictate that a warning that an accused could withhold his consent to search is not a prerequisite to a valid consent to search.

We find it unnecessary to determine whether appellant was under arrest after the officers found marihuana seeds and a hashish pipe in his car, in that the evidence fails to reflect any coercion in obtaining appellant's consent. This Court has held that the fact that a person is under arrest does not in and of itself prevent a free and voluntary consent from being given. Brown v. State, Tex.Cr.App., 443 S.W.2d 261; Weeks v. State, Tex.Cr.App., 417 S.W.2d 716, cert. denied, 389 U.S. 996, 88 S.Ct. 500, 19 L.Ed.2d 494.

Appellant contends that the evidence is insufficient to prove that the drug isonipecaine was demerol, the drug alleged in the indictment.

The following testimony was elicited from the Department of Public Safety Chemist Johnston:

"Q. . . . . Did you examine State's Exhibit No. 18 and the contents

thereof. And did you count the number of tablets contained therein?

"A. Yes, I did—729.

"Q. You're referring to State's Exhibit No. 18 in which some 800 tablets were found?

"A. Yes, sir.

"Q. Did you examine the contents of State's Exhibit 19 and count the number there?

"A. Yes, sir. I did.

"Q. How many tablets did you count in State's Exhibit 19?

"A. 107.

"Q. After counting the tablets, did you run an analysis on these tablets?

"A. Yes, sir. I did.

"Q. In running the analysis on them, were you able to identify them as to what they contained?

"A. Yes, sir.

"Q. What did State's Exhibit 18 contain?

"A. It contained the compound isonipecaine."

\* \* \* \* \* \*

"Q. (By Mr. Hoffman) Did you examine the contents of State's Exhibit No. 19, the 107 pills?

"A. Yes, sir. I did.

"Q. What did—

"THE COURT: The pills or tablets.

"MR. HOFFMAN: Tablets.

"A. They also contained isonipecaine.

"Q. (By Mr. Hoffman) What is isonipecaine? Does it have another name?

"A. Yes, sir. There were phenmetrazine, *and it's also the same compound in the drug, Demerol.* (Emphasis added.)

"Q. And what kind of a drug is isonipecaine or Demerol?

"A. It's what you call an analgesic, which it's a synthetic which tends to have narcotic effects."

 While the testimony of Johnston is not an example of clarity, we find it sufficient to prove that isonipecaine is the same compound as the drug demerol.

Lastly, appellant contends that the evidence is insufficient to prove that isonipecaine is a narcotic drug. Article 725b, § 1 (14), Vernon's Ann.P.C., includes isonipecaine as a "narcotic drug" (both before and after the 1969 amendment). In McClanahan v. State, Tex.Cr.App., 394 S.W.2d 499, this Court held that the trial court was not in error in charging that demerol is a narcotic drug. The Court went on to say, "While demerol is not mentioned in the Act, Section 1(14) includes isonipecaine as a 'Narcotic drug'. Officer Hightower testified that demerol is a trade name for isonipecaine. The charge of the court in this respect conformed to the proof."

No error is shown.

The judgment is affirmed.

Opinion Approved by the Court.