Richard Martin KOLB, Appellant,

v.

The STATE of Texas, Appellee.

No. 50733.

Court of Criminal Appeals of Texas.

Jan. 28, 1976.

Tony Martinez, Brownsville, for appellant.

Selden N. Snedeker, Dist. Atty., David Lanford, Asst. Dist. Atty., Brownsville, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for the possession of a controlled substance, to-wit: Marihuana over four ounces. The punishment, assessed in a bench trial, was two (2) years in the Department of Corrections.

In his sole ground of error appellant contends the trial court erred in overruling his motion to suppress and subsequently admitting into evidence all items seized when he was arrested since the same resulted from an unreasonable search and seizure.

The record reflects that James Parker of the Cameron County Organized Crime Task Force received information from an informer at 4 p. m. on August 4, 1974, that one Emil Cross, who was known to Parker, had picked up 400 pounds of marihuana in the Los Indios area and was taking it to either locker #94 or #95 at the Stor-More storage on Highway 83 Access Road in Harlingen. The informer related that Cross, whose description he gave, would be driving a white 1960 Chevrolet van bearing license number DF 1913. The informer had given reliable information in the past. The record, however, does not reflect how the informer came into possession of the information he passed on to Parker.

Parker, along with Gary Morrison, Special Agent, Drug Enforcement Administration, went to the Stor-More storage units soon after receiving the tip from the informer. They did not see Cross or a white Chevrolet, and there was no activity in the area. There were locks on both lockers #94 and #95. A search of the adjoining areas revealed nothing. Around 6 p. m. the manager of the storage units was contacted at home, and he was not sure whether Cross had rented locker #94 or #95. Parker had another engagement in Edinburg, and he did not meet Morrison again until 11:15 p. m. No effort was made to secure a search warrant. They then returned to the Stor-More units about 11:45 p. m. Again they did not see Cross or the Chevrolet van. They did notice a lock lying on the ground in front of locker #94, which was constructed of concrete blocks without windows. The overhead garage-type door to such locker was closed. They knocked on the door, and a male voice responded. They identified themselves as police officers "and told the male to open the garage door." Officer Morrison put his hand on the door

and began to open the door and believed someone assisted from the inside, but he wasn't sure. When the door was opened, they observed the appellant Kolb, whom they did not know, and smelled marihuana. Kolb was patted down, and a pistol was found. With the aid of a flashlight, there being no other lights, the officers observed a Pontiac automobile with its trunk open inside the locker unit. There were suitcases near the car, as well as several large green garbage bags. The suitcases were found to contain what appeared to be marihuana residue, and the garbage bags contained bricks of what appeared to be marihuana. By stipulation, it was shown that the chemist found the 132.8 pounds of substance submitted to him to be marihuana. Other evidence reflected that it was later learned Cross, about whom the information was first received, had rented locker #95 and there was no showing of any connection between the appellant Kolb and Cross.

It is appellant's contention that his arrest and search incident thereto were without warrant and the circumstances did not justify a warrantless search, not coming within any of the recognizable exceptions.

■ The basic purpose of the Fourth Amendment, United States Constitution, is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials. See *Berger v. New York*, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967); *Haynes v. State*, 475 S.W.2d 739 (Tex.Cr.App.1971); *Brown v. State*, 481 S.W.2d 106 (Tex.Cr.App.1972). The same is true of Article I, Sec. 9 of the Texas Constitution, and it is well settled under the Fourth and Fourteenth Amendments of the United States Constitution that a search conducted without a warrant issued upon

probable cause is "*per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967); *Coolidge v. New Hampshire*, 403 U.S. 443, 454, 455, 91 S.Ct. 2022, 2031–2032, 29 L.Ed.2d 564 (1971); *Chambers v. Maroney*, 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970). See also *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Stoddard v. State*, 475 S.W.2d 744, 749 (Tex.Cr.App.1972).[1]

■ One of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent. *Schneckloth v. Bustamonte*, supra; *Davis v. United States*, 328 U.S. 582, 593–594, 66 S.Ct. 1256, 1261–1262, 90 L.Ed. 1453 (1946); *Zap v. United States*, 328 U.S. 624, 630, 66 S.Ct. 1277, 1280, 90 L.Ed. 1477 (1946). The protections afforded by the Fourth Amendment and the State Constitution (Article I, Sec. 9) may be waived by an individual consenting to a search. *Paprskar v. State*, 484 S.W.2d 731, 737 (Tex.Cr.App.1972); *Allen v. State*, 487 S.W.2d 120 (Tex.Cr.App. 1972); *DeVoyle v. State*, 471 S.W.2d 77 (Tex.Cr.App.1971).

■ It is also settled that the burden of proof by clear and convincing evidence is upon the prosecution to show that the consent was freely and voluntarily given. *Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797 (1968); *Frazier v. State*, 119 Tex.Cr.R. 217, 43 S.W.2d 597 (1931); *Scott v. State*, 139 Tex.Cr.R. 210, 139 S.W.2d 787 (1940); *Compton v. State*, 148 Tex.Cr.R. 204, 186 S.W.2d 74 (1945); *Paprskar v. State*, 484 S.W.2d 731, 737 (Tex.Cr.App.1972).[2] The

1. The five basic exceptions are: (1) consent, (2) incident to a lawful arrest, (3) with probable cause to search but with exigent circumstances, (4) in hot pursuit, and (5) stop and frisk.

2. *Schneckloth v. Bustamonte*, supra, made clear that the protections of the Fourth Amendment are of a wholly different order

than those constitutional guarantees having to do with promoting the fair ascertainment of truth at a criminal trial, and that standard of intentional relinquishment or abandonment of a known right or privilege does not apply in determining the "voluntariness" of a consent search. Thus, the general test of

burden requires the prosecution to show consent given was positive and unequivocal, and there must not be duress or coercion, actual or implied. *Allen v. State*, 487 S.W.2d 120 (Tex.Cr.App.1972). This burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority. *Bumper v. North Carolina*, supra; *Amos v. United States*, 255 U.S. 313, 317, 41 S.Ct. 266, 267, 65 L.Ed. 654 (1921); *Johnson v. United States*, 333 U.S. 10, 13, 68 S.Ct. 367, 368, 92 L.Ed. 436 (1948); *Paprskar v. State*, supra.

As stated in 51 Tex.Jur.2d, Rev., Part I, Searches and Seizures, Sec. 42, p. 722:

> "Consent to a search is not to be lightly inferred. It should be shown by clear and convincing evidence, and any consent must be voluntary and neither physically nor psychologically coerced . . . ."

And it must be remembered that consent to search is invalid if granted only in submission to a claim of lawful authority. *Amos v. United States*, supra.

■ The question of whether a consent to search was "voluntary" is a question of fact to be determined from the totality of all the circumstances. *Schneckloth v. Bustamonte*, supra; *Paprskar v. State*, supra.

■ In the instant case there was no statement attributed to the appellant relating to the issue of consent. The only evidence bearing on the consent question was the fact that Officer Morrison, while opening the overhead door, himself "believed" someone was assisting him from the inside, but about this he was unsure. Officer Parker testified the door "flew open," but he had no idea whether Morrison or the person inside opened the door. Under the totality of the circumstances, we cannot conclude the search of the garbage bags and suitcases was with consent. If the appellant in any way assisted the officer in opening the door, it was obviously in submission to the demand of the officers that he open the door.

The State argues, however, that the appellant "consented to the initial intrusion which placed the contraband in open view, thus negating the necessity of a search warrant or probable cause."

■ It is true that an officer may seize contraband which he sees in plain sight or open view if he is lawfully where he has a right to be. *Morrison v. State*, 508 S.W.2d 827 (Tex.Cr.App.1974); *Casarez v. State*, 504 S.W.2d 847 (Tex.Cr.App.1974); *Alberti v. State*, 495 S.W.2d 236 (Tex.Cr.App.1973); *Jackson v. State*, 449 S.W.2d 279 (Tex.Cr. App.1970); *Lewis v. State*, 439 S.W.2d 351 (Tex.Cr.App.1969).

■ Even if we could conclude that the evidence was sufficient to show consent for the initial intrusion, which we cannot, we cannot conclude that evidence showed contraband in plain sight. There were no lights inside the locker. Only by a flashlight could the officers see the suitcases and garbage bags. It was not until the contents thereof were examined that it was determined that the contents were contraband.

This case cannot be sustained on the State's theory of the case.

a waiver of constitutional rights set forth in *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), is not applicable in such consent search cases. The question of whether a person has acted "voluntarily" in consenting to a search is distinct from the question of whether there has been a "waiver" of a trial right. The question of whether an individual has voluntarily consented to a search can be answered by examining the relevant circumstances to determine if he has been coerced while the waiver of trial rights turns on the extent of the individual's knowledge. It is not necessary that an officer advise an individual of his right to refuse to consent before obtaining a valid consent for knowledge of a right to refuse to consent to a search is not a prerequisite of a "voluntary" consent. To the extent that *Paprskar v. State*, supra, applied the general test of waiver of constitutional rights set forth in *Johnson v. Zerbst*, supra, it is no longer viable.

The State does further argue that once the door was opened the officers detected the odor of marihuana emanating from within the locker, and thus had probable cause to conduct a search for physical evidence. *Leonard v. State,* 496 S.W.2d 576 (Tex.Cr.App.1973); *Aldridge v. State,* 482 S.W.2d 171 (Tex.Cr.App.1972). See also *United States v. Coffey,* 520 F.2d 1103 (5th Cir. 1975). These cases involved either a valid stop for a traffic offense or a stopping of a vehicle at a permanent border checkpoint after which the officers detected the odor of marihuana coming from the interior of the vehicle and thus had probable cause to search.

In the instant case the officers either opened the door to a constitutionally protected area or caused the appellant in submission to the color of their office to assist in the opening of the door, and it was not until the door was opened that the officers smelled what they believed to be the odor of marihuana. An officer gaining access to a constitutionally protected area under the color of his office and of the law which he personifies must have some valid basis in law for the intrusion. See *Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 370, 92 L.Ed. 436 (1948). In the instant case there was no valid basis.

In this respect, the instant case is different from the facts in *Albro v. State,* 502 S.W.2d 715 (Tex.Cr.App.1973). There, officers received complaints about smoking in a certain apartment. As they approached the apartment, the front door was open and directly in front of the door was a little end table which contained a baggie of marihuana and a Kleenex and a couple of needles and syringes. Upon seeing such evidence, they entered the apartment. This court said:

> "There is nothing to show that the officers had unlawfully intruded into a constitutionally protected area when they observed the marihuana in open view. Under such circumstances they had the right to enter the open door and continue to investigate."

Appellant's right of privacy was violated in the instant case. Cf. *Buchanan v. State,* 471 S.W.2d 401 (Tex.Cr.App.1971).

For the reasons stated, the judgment is reversed and the cause remanded.

DOUGLAS, J., concurs in the result.