**Alton Eugene MYERS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–045–CR.**

Court of Appeals of Texas, Fort Worth.

Jan. 27, 1982.

Rehearing Denied Feb. 17, 1982.
Discretionary Review Refused
May 5, 1982.

Frank W. Sullivan, III, Fort Worth, for appellants.

Fred M. Barker, County Atty., Weatherford, for appellees.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

The appellant, Alton Eugene Myers, was convicted of possessing over four ounces of marihuana and sentenced to serve five years in the Texas Department of Corrections. The question presented here is one involving an alleged consensual search.

We affirm the judgment of the trial court.

On November 15, 1975 a warrant describing the appellant's residence was issued. The warrant was executed on November 18, 1975. The testimony was that armed narcotics agents went to the door of the appellant's residence and were admitted by the appellant's wife. Two of the agents went through the house in search of the appellant. They pushed the bathroom door open and found the appellant taking a bath. One of the agents identified himself and told the appellant they had a warrant to search for marihuana. At this time at least one of the agents had his gun drawn. Appellant was then told that he did not have to say anything and that anything he did say would be used against him. The appellant then stated that the marihuana was still in the truck. After making this statement the appellant began reaching for his pants which were laying on the bathroom floor when he was told to wait a minute. Appellant explained that he was trying to get the keys to the truck and that the keys were in the pants. Appellant then dressed and accompanied the agents to the pickup truck whereupon a search of the truck was conducted. The agents discovered over two hundred pounds of marihuana in the truck.

The State has conceded that the truck was not within the parameters of the search warrant and that no exigent circumstances existed so as to justify circumvention of the warrant requirement. The State's position is that the warrantless search of the truck was justified as one involving the consent of the appellant.

■ Of course, the burden of proof is upon the State to show by clear and convincing evidence that the statements made by the appellant were freely and voluntarily given. Such burden cannot be discharged by showing no more than an acquiescence to a claim of lawful authority. *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *Kolb v. State,* 532 S.W.2d 87 (Tex.Cr.App.1976). The fact question as to the voluntariness of the statements is determined from the totality of the circumstances. *Kolb v. State, supra.* Furthermore the consent given must be shown to have been positive and unequivocal and not the result of duress or coercion. *Allen v. State,* 487 S.W.2d 120 (Tex.Cr.App.1972).

■ It is uncontroverted that the narcotics agents were bearing weapons at the time they entered the appellant's bathroom. It is also uncontroverted, however, that the appellant was told that he did not have to say anything. Despite his knowledge that he did not have to say anything, the appellant spontaneously told the agents that the marihuana was in the truck. Under the totality of the circumstances we hold the statements of the appellant to have been made freely and voluntarily. Any coercion induced by the display of weapons was vitiated by the warnings of the narcotics agents.

■ The question remains as to whether there was positive and unequivocal consent. After telling the narcotics agents that the marihuana was in the truck, the appellant grabbed for his pants explaining his reason for doing so as the fact that the keys to his pickup truck were in the pants. Human experience and common sense lead to no other conclusion than that the appellant was positively and unequivocally consenting to the search of his truck by his acts and words.

We hold that the search was constitutionally valid. Such disposition renders consideration of the appellant's final ground of error unnecessary.

The judgment of the trial court is affirmed.