Jose A. GUERRA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–84–00565–CR to
04–84–00567–CR.

Court of Appeals of Texas,
San Antonio.

May 28, 1986.

Petition for Discretionary Review
June 25, 1986.

George Scharmen, San Antonio, for appellant.

Alger Kendall, Jr., Dist. Atty., Karnes City, for appellee.

Before CADENA, C.J., and TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

Appellant was convicted on three separate offenses of theft of property of the value of $200.00. The cases were consolidated for trial and the trial court, without jury, on stipulated evidence, found appellant guilty as charged. Punishment was assessed at four years' confinement in each case, but the sentences were to run concurrently.

The essential facts indicate that the San Antonio Police Department received information from a police officer that stolen vehicles were being stripped at a place located at Big Leaf Road and Pleasanton Road. Two detectives investigated the area and observed a wrecked Camaro, a pick-up truck and another Camaro. Subsequently they were joined by an investigator from the Department of Public Safety. The three officers approached the three persons on the premises, identified as appellant, Ricky Guerra and Edward Powers, and expressed their intention of conducting a salvage inventory of the vehicles and vehicle parts. Appellant consented to the inventory. As a result of the inventory investigation the officers discovered stolen vehicles and stolen automobile parts, whereupon appellant and the other persons on the premises were placed under arrest.

In his sole ground of error appellant complains of an unreasonable search, contending that the trial court erroneously denied the motion to suppress. We cannot agree. The trial court specifically denied the motion to suppress on the grounds that appellant lacked standing. The United States Supreme Court first addressed the question of "standing" in *Rakas v. Illinois*, 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978), stating:

The capacity to claim the protection of the Fourth Amendment depends ... upon whether the person who claims the protection of the amendment has a legitimate expectation of privacy.

What a person knowingly exposes to the public even in his home or office is not subject to Fourth Amendment protection.

This ruling was subsequently refined in *Smith v. Maryland*, 442 U.S. 735, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979), where the court dictated that the question of standing is determined by:

whether the individual, by his conduct, has 'exhibited an actual (subjective) expectation of privacy'—whether ... the individual has shown that 'he seeks to preserve (something) as private.' The second question is whether the individual's subjective expectation of privacy is 'one that society is prepared to recognize as "reasonable"'—whether ... the individual's expectation, viewed objectively, is 'justifiable' under the circumstances. [Citations omitted.]

*Id.* at 740, 99 S.Ct. at 2580.

It has been consistently held that the defendant bears the burden of proving that he has a legitimate expectation of privacy. *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *Rakas, supra*; *Wilson v. State*, No. 921–83 (Tex.Crim.App.—July 3, 1985) (not yet reported). Appellant has not met that burden. The evidence shows that appellant's brother was the record owner of the premises. Although appellant claimed part ownership of the property, he offered no proof of his claim. Appellant never denied that the property was being used as an automobile salvage business. While the gate was closed, allegedly to prevent the physical intrusion by the officer, there was nothing to obscure the view of the vehicle being dismantled. "It is simply not a search to observe that which is open to view." *Long v. State*, 532 S.W.2d 591, 594 (Tex.Crim. App.1975). We could conclude that appellant was present as an employee since he was seen working on the vehicle; however, even his access as one of several employees

does not vest him with a possessory interest. *See Johnson v. State,* 583 S.W.2d 399, 404 (Tex.Crim.App.1979). It was necessary for appellant to manifest a "reasonable" expectation that the vehicles in the salvage yard were mantled with a privacy classification and obscured from view. This was impossible under the circumstances.

■ The other obstacle to appellant's claim of an unlawful search is the fact that he consented by giving the officers permission to make the inventory of the salvaged vehicles. *See Kolb v. State,* 532 S.W.2d 87, 89 (Tex.Crim.App.1976). The officers were lawfully on the premises by virtue of TEX. REV.CIV.STAT.ANN. art. 6687–2(e) (Vernon Supp.1985), which authorizes a peace officer to "inspect the inventory on the premises of the automobile salvage dealer at any reasonable time in order to verify, check, or audit the records." This statute mandates that an automobile salvage dealer "shall allow and shall not interfere with a full and complete inspection by a peace officer of the inventory, premises, and records of the dealer." We agree that an inventory search requires the police to act in "good faith"; it must not be used as a pretext for a warrantless search. We cannot, however, ignore the dominant factors in this case, which clearly establish that: (1) a police officer informed the investigating officer that stolen vehicles were being stripped on the premises; (2) the premises were used for conducting an automobile salvage business; (3) the officer informed appellant that their purpose was to make a salvage inventory; (4) appellant consented to the inventory; and (5) appellant was lawfully arrested pursuant to TEX.CODE CRIM.PROC.ANN. art. 18.16 (Vernon 1977), which gives all persons the right to "prevent the consequences of theft by seizing any personal property which has been stolen and bringing it, with the supposed offender, before a magistrate." The assertion of error is overruled.

The judgments of the trial court are affirmed.

CADENA, Chief Justice, concurring.

I would affirm the judgments solely on the ground that, under the circumstances, there was no illegal search, so that the question of standing need not concern us.