**David Allan HALL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–281–CR.**

Court of Appeals of Texas,
Fort Worth.

March 24, 1992.

Reginald R. Wilson, Wichita Falls, for appellant.

Barry L. Macha, Crim. Dist. Atty., and John W. Brasher, Asst., Wichita Falls, for appellee.

Before WEAVER, C.J., and MEYERS and DAY, JJ.

## OPINION

PER CURIAM.

David Hall, appellant, pled guilty to aggravated possession of a controlled substance and received a ten-year probated sentence. Four months later, he was arrested for possession of controlled substances, amphetamine and cocaine, and the State moved to revoke his probation. The trial court found the allegations of the motion to revoke probation were true, and sentenced Hall to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice. Hall appeals from the revocation of his probation, and assigns two points of error related to the search of his apartment.

We overrule both points of error and affirm the trial court's judgment.

■ In his first point of error, Hall complains that the trial court erred in admitting a photocopy of his signed consent to search his apartment, because the photo-copy is not an exact duplicate of the original consent to search and was therefore not admissible in lieu of the original. *See* TEX.R.CRIM.EVID. 1001(4) and 1003. He contends that the form was inadmissible because a witness's signature that was on the original consent did not appear on the photocopy offered into evidence. Hall's signature did appear on the copy.

At trial, Hall complained that the photocopy was inadmissible because he questioned the authenticity of the original. Because the objection at trial differs from the point of error on appeal, nothing is preserved for review. *See Thomas v. State,* 723 S.W.2d 696, 700 (Tex.Crim.App.1986).

In his second point of error, Hall complains that the trial court erred in overruling his motion to suppress the controlled substances found in his apartment, as they were the fruits of an invalid consent. The evidence, viewed in the light most favorable to the trial court's finding that the consent was voluntary, is as follows.

Officer Brad Johnson, of the Fort Worth Police Department's Special Operations Narcotics Unit, had received anonymous complaints that Hall was selling drugs. Johnson was at the Golf Hills Apartments on an unrelated matter when he saw Hall and two companions exit a breezeway and enter Hall's automobile. Recognizing Hall, Johnson called for back-up, got out of his car and went over to talk to Hall, as Hall was driving out of the parking lot. Johnson showed Hall his badge, and Hall exited from the car. The officer explained that he had received information that Hall was possibly selling narcotics out of his apartment. Hall denied that he would do that kind of thing, and added, "all I've got is a little smoke in the apartment." At that point, the officer concluded that Hall was admitting that he possessed marijuana in his apartment. About this time three other officers pulled into the parking lot, then Officer Johnson read Hall his *Miranda* rights. Based on Hall's admission, the officer concluded he had probable cause to search the apartment, and he determined that Hall was no longer free to leave. He then asked Hall to sign a form consent to

search his apartment. He read the form, including the warnings contained therein, to Hall while Hall looked at it. Hall admitted he could read and write the English language, and signed the consent to search form. The subsequent search of his apartment exposed marijuana, amphetamine, and cocaine.

■ Both the State and Hall rely on the nine considerations in *Fontenot v. State*, 792 S.W.2d 250, 253–54 (Tex.App.—Dallas 1990, no pet.) to determine the voluntariness of the consent to search. However, the main point of contention is whether Officer Johnson had probable cause to detain Hall after Hall stated that he had some "smoke" in his apartment, or whether his detention of Hall was misconduct. Also, they disagree over the amount of coercion used to obtain the consent.

Only Officer Johnson and Hall testified on the motion to suppress. Johnson was in the apartment complex on an unrelated matter. He testified that Hall was free to leave at any time until he said he had "smoke" in his apartment. The experienced narcotics officer testified that "smoke" meant marijuana. We conclude that, in the context in which the statement was made, the narcotics officer had good reason to conclude that "smoke" meant marijuana and that Hall had admitted to possessing marijuana in his apartment. At this point in time, the officer had probable cause to arrest Hall, based on Hall's own admission.

■ Additionally, we consider that there was no excessive show of force prior to the time the consent form was signed. Officer Johnson was wearing plain clothes, and was in an unmarked car. He denied blocking Hall's vehicle or forcing him to stop. Hall testified that the officer's vehicle partially blocked his, but we must resolve this credibility choice in favor of the trial court's implied finding that Johnson was the credible witness. Two of the other officers were in casual clothes, the third was uniformed. No weapons were displayed. Hall was not handcuffed, even after signing the consent form; however, he was not free to leave after he admitted he had some "smoke" in his apartment.

Hall testified that Johnson said a search warrant for the apartment was already on its way, and that Hall could choose to cooperate. Johnson testified that he did not make such a statement or threaten to obtain a warrant, but admitted at the hearing that he would have attempted to obtain a search warrant if Hall did not consent. Hall testified that he signed the consent form out of fear that the police would totally "trash" his apartment if he did not sign.

The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex.Crim.App. [Panel Op.] 1980). The trial court apparently believed Officer Johnson's testimony over that of Hall. Although Hall contends that the officer would have obtained a search warrant if Hall had not consented to the search, he cites us to no case law which holds that, in such a situation, the consent to search is rendered involuntary. Therefore, viewing the evidence in the light of the court's credibility choices, we cannot say that the evidence of voluntariness of the consent to search is not clear and convincing. *See Kolb v. State*, 532 S.W.2d 87, 89 (Tex.Crim.App.1976). Hall's second point of error is overruled.

The judgment of the trial court is affirmed.