NO. 12-03-00129-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
DON EARL ROBERTSON,                               §                 APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Don Earl Robertson appeals his conviction for possession of cocaine. After a bench trial, the
trial court sentenced him to four years of imprisonment and a $5000.00 fine. In two issues,
Appellant asserts the trial court erred in denying his motion to suppress. We affirm.
 
Background
            Tyler Police Officer Daryl Gardner was patrolling his beat one morning when he saw
Appellant leave a house known to Gardner to be a place where cocaine is sold. Gardner knew
Appellant and had previously had contact with him on many occasions. He had, in the past, stopped
Appellant, searched him, and found cocaine on him. When Appellant was about one hundred feet
from the house, Gardner, still in his patrol car, said, “Hey, Don, I need to talk to you.” Appellant
told Gardner he had something to tell him but wanted him to go to the other end of the road. They
went to the end of the next block, out of sight of the house. Gardner got out of his car and asked
Appellant if he had bought any cocaine at the house. Appellant just looked at the officer without
responding. Gardner then said, “Don, why don’t you just take the [cocaine] out and put it on the
hood of my car?” Appellant said, “Cocaine?” Gardner said, “Yeah.” Appellant reached in his
pocket and put a film canister on the hood of the patrol car. It contained two rocks of crack cocaine.
            The trial court found the officer articulated sufficient facts for a reasonable person to have
a reasonable suspicion that Appellant had been engaged in criminal activity, authorizing the
investigative stop. The court also found that Appellant did not reject the officer’s request to talk. 
He just asked the officer to move out of view of the house. This indicates he had no fear or concern
about the officer and he understood he was not obligated to stop right there. The court found there
was no evidence of any type of coercion: no gun drawn, no aggressive posturing or conduct, no
threatening tone of voice. The court found that the officer had a mild, polite demeanor and did not
exhibit a show of force. By not answering the officer’s question, Appellant showed he was aware
of his rights. The court found Appellant voluntarily complied with the officer’s request to place
items on the car. Therefore, the court found, this was a voluntary consent to search. There was no
flagrant misconduct by the officer. He did not threaten to get a search warrant or claim he had a right
to conduct a search. There was no arrest made to try to justify a search. Before the officer saw the
cocaine, Appellant had not been under arrest and was free to go. Finally, the trial court found there
was nothing unfair, unreasonable, or oppressive with respect to the officer’s request.
 
Motion to Suppress
            In two issues, Appellant asserts the trial court erred in failing to suppress the drugs found
because they were obtained as a result of an illegal search and seizure in violation of his rights under
the Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas
Constitution. Specifically, he argues that any consent given was in mere acquiescence to a claim of
lawful authority and therefore it was not free and voluntary consent. He asserts that his compliance
with the officer’s order to remove the cocaine from his pocket was not a voluntary act.
 
Applicable Law
            A trial court’s decision on a motion to suppress is reviewed under an abuse of discretion
standard. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). An appellate court should
give almost total deference to a trial court’s determination of historical facts supported by the record,
especially when the trial court’s fact findings are based on an evaluation of credibility and demeanor. 
Id. We consider de novo the court’s application of the law. Id. at 87.
            In a motion to suppress hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. State v. Ross, 32 S.W.3d 853,
855 (Tex. Crim. App. 2000). Accordingly, the judge may believe or disbelieve all or any part of a
witness’s testimony, even if that testimony is not controverted. Id. If the trial court’s decision is
correct on any theory of law applicable to the case, the decision will be sustained. Id.
            The Fourth Amendment to the United States Constitution and Article I, Section 9 of the
Texas Constitution protect citizens from unreasonable searches. U.S. Const. amend. IV; Tex.
Const. art. I, § 9. A search conducted without a warrant issued upon probable cause is per se
unreasonable. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043, 36 L. Ed. 2d
854 (1973). However, the protections afforded by the Fourth Amendment and the Texas
Constitution may be waived by an individual consenting to a search. Kolb v. State, 532 S.W.2d 87,
89 (Tex. Crim. App. 1976). The validity of an alleged consent to search is a question of fact to be
determined from all the circumstances. Guevara v. State, 97 S.W.3d 579, 582 (Tex. Crim. App.
2003). The federal constitution requires the State to prove the validity of the consent by a
preponderance of the evidence, while the Texas Constitution requires the State to show by clear and
convincing evidence that the consent was valid. Id. The State must demonstrate that the consent
was in fact voluntarily given, and not the result of duress or coercion, express or implied. Reasor
v. State, 12 S.W.3d 813, 817 (Tex. Crim. App. 2000). This burden cannot be discharged by showing
no more than acquiescence to a claim of lawful authority. Kolb, 532 S.W.2d at 90.
 
Discussion
            Gardner and Appellant knew each other and Appellant was familiar with police contact of
this nature. He indicated that he wanted to talk to the officer, although not near the house he had just
exited. The trial judge made explicit findings showing that she carefully examined the full
circumstances surrounding Gardner’s contact with Appellant. After hearing testimony of the
officer’s actions and noting his demeanor, the trial court found no evidence of any coercion. 
Considering all the circumstances and giving proper deference to the trial court’s findings, we
determine that the State met its burden to prove that Appellant’s consent to the search was voluntary. 
See Guevara, 97 S.W.3d at 582. Appellant’s right to be free from unreasonable searches was not
violated. Accordingly, the trial court did not abuse its discretion in denying Appellant’s motion to
suppress. We overrule Appellant’s first and second issues.
 
Conclusion
            Appellant voluntarily removed the cocaine from his pocket and placed it on the car. 
Therefore, the search did not violate his constitutional rights and the trial court properly denied his
motion to suppress.
            We affirm the trial court’s judgment.
 
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered June 24, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.














(DO NOT PUBLISH)













COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
JUDGMENT
 
JUNE 24, 2004
 
NO. 12-03-00129-CR
 
DON EARL ROBERTSON,
Appellant
V.
THE STATE OF TEXAS,
Appellee

 
 Appeal from the 114th Judicial District Court
 of Smith County, Texas. (Tr.Ct.No. 114-0104-03)
 
                                                                                                                                                           
 
 
                                    THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this court that there was no error in the judgment.
                                    It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below Be In All Things Affirmed, and that this decision be certified to the court
below for observance.
                                    Sam Griffith, Justice.
                                    Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


THE STATE OF TEXAS
M A N D A T E
*********************************************
 
 
TO THE 114TH JUDICIAL DISTRICT COURT OF SMITH COUNTY, GREETINGS: 
 
            Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 24th day
of June, 2004, the cause upon appeal to revise or reverse your judgment between
 
DON EARL ROBERTSON, Appellant
 
NO. 12-03-00129-CR; Trial Court No. 114-0104-03
 
Opinion by Justice Sam Griffith.
 
THE STATE OF TEXAS, Appellee

was determined; and therein our said Court made its order in these words:

            “THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this court that there was no error in the judgment.

            It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
Be In All Things Affirmed, and that this decision be certified to the court below for observance.”

            WHEREAS, WE COMMAND YOU to observe the order of our said Court of Appeals for
the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly
recognized, obeyed, and executed.

            WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of our Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200____.
 



                                    CATHY S. LUSK, CLERK
 
 
                                    By:_______________________________
                                         Deputy Clerk