Leevon Montreal Chappell v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-270-CR

LEEVON MONTREAL CHAPPELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Leevon Montreal Chappell pleaded not guilty to one count of possession of a controlled substance with intent to deliver and one count of possession of a controlled substance.  A jury convicted Chappell of both offenses and assessed his punishment at sixty years’ confinement for each count.  In two issues, Chappell complains that the trial court erred by denying his motion to suppress and that the evidence is legally and factually insufficient to support the jury’s verdict.  We will affirm.

II.  Factual Background

On November 8, 2002, an outstanding warrant existed for the arrest of Chappell.  
That day, Fort Worth police officers searched for Chappell; Officer Greg Jones had a photograph of Chappell and had gathered information indicating that Chappell drove a Ford F-150 Harley-Davidson edition pickup truck and frequented a particular gas station.  

That evening, Officer Jones visited the gas station and observed Chappell and two other individuals exiting the station and walking towards a Ford F-150 Harley-Davidson edition truck.  All three individuals got in the truck; Chappell sat in the driver’s seat, another individual sat in the passenger seat, and the third individual sat in the back right seat.  Officer Jones requested backup, and officers initiated a stop just after Chappell pulled away from the gas pump.  Officers handcuffed Chappell and detained him in the rear of Officer Jones’s vehicle.  After verifying that the warrant was still active, Officer Jones placed Chappell under arrest. 

Officers James Grow and J.A. Farrah searched Chappell’s vehicle.  Officer Grow smelled a vinegary, acidic type odor emanating from the back seat of the vehicle.  He opened the center console, removed the cup holder portion of the console by hand, and observed a handgun, capsules in clear plastic bags, and an aluminum-foil wrapped object containing a black substance.  Subsequent analysis indicated that some capsules contained heroin and some capsules contained cocaine.  Analysis of the black mass found in the aluminum-foil indicated that it was black tar heroin. 
 The substances consisted of a total of 144.97 grams of heroin and 9.87 grams of cocaine. 

Chappell pleaded not guilty to the offenses of possession with intent to deliver a controlled substance of four grams or more but less than two-hundred grams, namely heroin and to possession of a controlled substance of four grams or more but less than two hundred grams, namely heroin.  A jury found Chappell guilty of both offenses, and this appeal followed. 

III.  Motion to Suppress

In his first issue, Chappell argues that the trial court erred by denying his motion to suppress because the State “did not prove that [he] was under arrest pursuant to a valid warrant at the time that the search led to the smell of heroin.”  
See 
U.S. Const
 amend. IV; 
Tex. Const.
 art. I, § 9; 
see also 
Tex. Code Crim. Proc. Ann.
 art. 38.23(a) (Vernon 2005).  Chappell further emphasizes that at the suppression hearing, officers characterized their initial search as an “inventory” search, not a search incident to arrest.  The State maintains that the evidence sought to be suppressed was properly seized pursuant to a search incident to arrest. 

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  Therefore, we give almost total deference to the trial court’s ruling on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
Best
, 118 S.W.3d at 861-62.  However, we review de novo a trial court’s rulings on mixed questions of law and fact if they do not turn on the credibility and demeanor of witnesses.  
Johnson
, 68 S.W.3d at 652-53.

In determining whether the trial court’s decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later.  
Rachal v. State
, 917 S.W.2d 799, 809 (Tex. Crim. App.), 
cert. denied
, 519 U.S. 1043 (1996); 
Green v. State
, 78 S.W.3d 604, 608 (Tex. App.—Fort Worth 2002, no pet.).  However, this general rule is inapplicable where the suppression issue is consensually relitigated by the parties during the trial on the merits.  
Rachal
, 917 S.W.2d at 809; 
Green
, 78 S.W.3d at 608.  Here, during the trial on the merits, Chappell’s trial counsel reurged his objections presented at the earlier suppression hearing to the admission of the items found in Chappell’s vehicle.  The grounds urged in the suppression motion were not relitigated; therefore, we limit our scope of review to the evidence presented at the suppression hearing.  
See James v. State
, 102 S.W.3d 162, 170 (Tex. App.—Fort Worth 2003, pet ref’d.).

Warrantless searches are presumptively unreasonable under the Fourth Amendment.  
See United States v. Karo
, 468 U.S. 705, 717, 104 S. Ct. 3296, 3304 (1984); 
Kolb v. State
, 532 S.W.2d 87, 89 (Tex. Crim. App. 1976).  However, the United States Supreme Court has recognized a number of exceptions to the warrant requirement, including the search incident to arrest.  
See Chimel v. California
, 395 U.S. 752, 762-63, 89 S. Ct. 2034, 2040 (1969); 
see also 
Tex. Code Crim. Proc. Ann.
 art. 59.03(b)(4) (allowing officer to seize property without warrant if seizure incident to lawful arrest or lawful search incident to arrest).
  
A lawful custodial arrest allows officers to search a defendant, or the area within the defendant’s immediate control, for evidence and weapons in an effort to prevent concealment or destruction.  
See Chimel, 
395 U.S. at 762-63, 89 S. Ct. at 2040.  As applied to occupants of an automobile subject to a lawful arrest, 
the Court in 
New York v. Belton
 stated, “[W]e hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.”  453 U.S. 454, 460, 101 S. Ct. 2860, 2864 (1981) (footnotes omitted).  A lawful search also includes the contents of containers found within the passenger compartment of the vehicle.  
See id
. at 460-61, 101 S. Ct. at 2864.  In 
Belton
, the Court stated in footnote four that,

“Container” here denotes any object capable of holding another object.  It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing, and the like.  Our holding encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk.

See id
. at 461, 101 S. Ct. at 2864 n.4.  Moreover, a search under 
Belton 
is allowed even when the defendant has been handcuffed and placed in a police car.
  
See Pettigrew v. State
, 908 S.W.2d 563, 570 (Tex. App.—Fort Worth 1995, pet. ref’d).

The trial court overruled Chappell’s motion to suppress at the conclusion of the hearing.  The trial judge reasoned that Chappell was lawfully arrested pursuant to a warrant “issued by a state district judge dictating and demanding his arrest” and that the evidence was seized pursuant to a search incident to arrest, not an inventory.  The trial judge found that the front part of the console was closest to the driver’s area of the vehicle and further analogized the dismantling of the console and subsequent search thereof to the search of a glove box because no tools or special devices were used to remove the cup holder from the console. 

Our review of the evidence adduced at the suppression hearing leads us to the same conclusion.  Officer Jones verified that the warrant was still active before he placed Chappell under arrest, and Officer Grow testified that he began the “inventory” after Chappell’s arrest warrant had been confirmed; the search was therefore preceded by a lawful arrest.  
Officer Grow smelled an acidic, vinegary odor emanating from the rear portion of the passenger compartment. He also noticed “gouges” in the plastic of the rear console and subsequently removed the cup holder portion of the console with his hands.  Inside he observed two clear plastic bags of capsules, an aluminum foil-wrapped object, and a handgun.  Based on Officer Grow’s training and experience, he believed that the capsules contained heroin and cocaine and that the silver object contained what appeared to be black tar heroin.  Thus, the search of the console occurred in the passenger compartment of Chappell’s vehicle, not the trunk, and Officer Grow’s entry into the console, a “container,” did not exceed the permissible scope of his search.  
See Belton
, 453 U.S. at 460-61,101 S. Ct. at 2864.  Accordingly, officers acquired the evidence Chappell moved to suppress pursuant to a search incident to arrest, and the trial court did not err by overruling Chappell’s motion.  We overrule Chappell’s first issue.

IV.  Legal and Factual Sufficiency

In his second point, Chappell argues that the evidence is legally and factually insufficient to support the conviction “as to possession of a controlled substance.”  Chappell contends that the evidence is insufficient because there was no evidence that he “ever drove the vehicle at any time other than for four or five feet at the Exxon station” and because the State failed to show that he “had ever been in the vehicle prior to the time it was observed by the officers.” The State contends that the evidence is legally and factually sufficient.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In contrast, when reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

A person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance, such as heroin.  
See 
Tex. Health & Safety Code Ann.
 § 481.112(a) (Vernon 2003).  Likewise, a person commits an offense if the person knowingly or intentionally possesses a controlled substance, such as heroin.  
See id
. § 481.115(a).

When an accused is charged with unlawful possession of a controlled substance, the State must prove that the defendant exercised actual care, custody, control, or management over the contraband
 and that he knew the substance in his possession was a controlled substance.  
Id
. §§ 481.002(38), 481.112(a); 
see Armstrong v. State
, 82 S.W.3d 444, 448 (Tex. Crim. App. 2002); 
McQuarters v. State
, 58 S.W.3d 250, 259 (Tex. App.—Fort Worth, pet. ref’d).  In a possession with intent to deliver case, the State must further prove that the accused intended to deliver the controlled substance to another.  
See 
Tex. Health & Safety Code Ann.
 § 481.112(a)
; Nhem v. State
, 129 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2004, no pet.). 

When the controlled substance is not found in the accused’s exclusive possession, additional independent facts must affirmatively link the accused to the controlled substance.  
See Taylor v. State
, 106 S.W.3d 827, 830-31 (Tex. App.—Dallas 2003, no pet.).  The “affirmative links” analysis is used by courts to review evidence relating to the accused’s knowledge and control of the controlled substance.  
See McQuarters
, 58 S.W.3d at 259.  Possession may be proved by circumstantial evidence.  
See Wootton v. State
, 132 S.W.3d 80, 87 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).  The evidence, however, must demonstrate that the accused’s connection to the controlled substance was more than just fortuitous.  
See id
.  Knowledge of the presence of contraband may be inferred from control over the vehicle; however, when the contraband is found in a hidden compartment of a vehicle, the court must examine other additional circumstantial evidence “indicating a consciousness of guilt on the part of the defendant.”  
See Castellano v. State
, 810 S.W.2d 800, 806 (Tex. App.—Austin 1991, no pet.); 
see also United States v. Garza
, 990 F.2d 171, 174 (5th Cir. 1993).  

Factors typically used when determining whether the evidence is sufficient to affirmatively link an accused to a controlled substance include: (1) whether the contraband was found in proximity to and accessible to the defendant; (2) whether the defendant was present when the drugs were found; (3) whether the defendant possessed other contraband or drug paraphernalia; (4) whether there was an odor of the contraband; (5) whether the defendant owned or had the right to possess the place where the drugs were found; (6) whether the place where the drugs were found was enclosed; (7) whether the accused was the driver of the automobile in which the contraband was found; (8) whether the defendant was found with a large amount of cash; (9) whether the defendant was under the influence of narcotics when arrested; (10) the amount of drugs found; and (11) whether the defendant possessed weapons. 
Taylor
, 106 S.W.3d at 831; 
McQuarters
, 58 S.W.3d at 259; 
see also Hudson v. State
, 128 S.W.3d 367, 374 (Tex. App.—Texarkana 2004, no pet.)
.  The number of relevant factors is less significant than the logical force to which they establish a link between the accused and the controlled substance.  
See Taylor
, 106 S.W.3d at 831; 
Hudson
, 128 S.W.3d at 374.  Accordingly, affirmative links are established by the totality of the circumstances.  
See Wootton
, 132 S.W.3d at 87.  

In addition to the evidence detailed above, analysis of the contraband found in Chappell’s vehicle yielded a significant amount of heroin, 144.97 grams, and testimony showed that the total value of all the narcotics discovered had a street value of around $14,000.  The evidence further demonstrated that the vehicle was registered to Chappell and that he authorized his mother in a notarized letter to retrieve the vehicle from the Fort Worth city pound.  In the letter, Chappell described the vehicle as “my car.” 

Moreover, the above facts establishing “affirmative links” are supplemented by the testimony of Officer Bruce Blaisdell, who testified extensively on the topic of narcotics trafficking.  Officer Blaisdell reasoned that it was common for drug dealers to sell from their car for a number of reasons. First, the vehicle is a good place to hide things; second, it prevents customers from knowing where the dealer lives; third, it is easier to leave if the dealer finds himself in an uncomfortable situation; and fourth, it prevents neighbors from becoming suspicious and reporting the activity to authorities.  Officer Blaisdell opined that it was common for a dealer to bring multiple people with him for protection, that it’s common for dealers to hide narcotics inside various compartments of a vehicle, and that it’s common to find firearms along with the narcotics.  Significantly, Officer Blaisdell testified that when a large amount of narcotics is discovered, as in this case, this typically indicates that the accused is a dealer intending to sell, not merely a user.  Users normally possess small amounts of narcotics and usually do not have hidden compartments in their vehicles for transporting narcotics.  Officer Blaisdell further reasoned that it would be uncommon for a vehicle owner and driver not to know that there is a hidden compartment containing narcotics in his vehicle.

Chappell’s argument that the evidence is insufficient because the State did not prove that he had previously driven the vehicle or that he had ever been inside the vehicle is unconvincing considering our analysis and application of the aforementioned affirmative links.

Viewing the evidence in the light most favorable to the verdict, we hold that sufficient “affirmative links” exist connecting Chappell to the heroin to permit a rational jury to conclude beyond a reasonable doubt that he possessed a controlled substance and that he intended to distribute a controlled substance.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Taylor
, 106 S.W.3d at 830-31; 
McQuarters
, 58 S.W.3d at 259.  Likewise, considering the evidence in a neutral light, we hold that the jury 
was rationally justified in finding guilt beyond a reasonable doubt; the evidence supporting the verdict is not too weak to support the finding of guilt beyond a reasonable doubt, and weighing all of the evidence, the contrary evidence is not so strong that guilt cannot be proven beyond a reasonable doubt.  
See 
Zuniga
, 144 S.W.3d at 484-85; 
Wootton
, 132 S.W.3d at 87.
  Accordingly, we hold that the jury’s verdict is supported by legally and factually sufficient evidence.  We overrule Chappell’s second issue.

V.  Conclusion

Having overruled both of Chappell’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; 
and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 14, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.