**Ray Anthony BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–94–140 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Oct. 27, 1994.

Decided Dec. 28, 1994.

John Henry Tatum, Tatum & Tatum, Lufkin, for appellant.

Clyde M. Herrington, Dist. Atty., Lufkin, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

Appellant was indicted for the felony offense of Aggravated Possession of a Controlled Substance. Following the denial of his motion to suppress the evidence, appellant pleaded guilty to the trial court without benefit of a plea bargain agreement. The judgment reflects that the trial court found appellant guilty of Possession of a Controlled Substance—Cocaine and sentenced appellant to confinement in the Texas Department of Criminal Justice, Institutional Division for a term of ten (10) years, and fined appellant $5000. The trial court suspended the term of incarceration and placed appellant on probation for ten years. Appellant presents us with two points of error, *viz:*

> Point of Error One: The trial court erred in admitting evidence obtained by a search that was invalid because said search was a result of an illegal arrest and/or detention of defendant.

> Point of Error Two: The trial court erred in admitting the evidence derived from a consensual search subsequent to an illegal detention.

The following assertions, contained in appellant's brief on appeal, appear to form the core of appellant's complaint in point of error one, and part of point of error two:

> Appellant recognizes that in order for this court to find that the search of appellant's car was illegal, the court must conclude that the detention of appellant, after the primary purpose of the stop was found to be unfounded, was contrary to the law.

It is Appellant's position that the stop of appellant was an unreasonable detention contrary to the fourth amendment of the United States Constitution.

\* \* \* \* \* \*

However, Appellant contends that in order for Deputy Constable Lovell to initiate further questions, there must have been some articulable fact to support a reasonable suspicion of other illegal activity. In this situation there were none, therefore, the detention of appellant (sic) for further questioning was illegal and was in violation of Appellant's constitutional rights under the fourth amendment of the United States Constitution.

The Deputy's action in confronting Appellant with a fabricated story of a prior arrest for Delivery of a Controlled Substance was not based on probable cause or reasonable suspicion of particular facts. The Deputy's actions was strictly a fishing expedition and thus exceeded the permissible scope of an investigative detention.

After filtering through what we consider to be a great deal of irrelevant testimony elicited by appellant's trial counsel from the State's witnesses, the following rather simple facts were before the trial court for its consideration. At approximately 8:15 p.m., on July 25, 1992, Deputy Constable Brandon Lovell of the Angelina County Constable's Office, Precinct 5, was on routine patrol in a marked patrol unit. Deputy Lovell was a certified peace officer and was in uniform. At that point in time, Deputy Lovell observed a "black Cougar" with Louisiana license plates. The vehicle drew his attention from the fact that it was unable to maintain a single lane of travel. Deputy Lovell was travelling in his unit directly behind the suspect vehicle and observed several violations of failure to maintain a single lane before activating his emergency lights and stopping the vehicle. Deputy Lovell stated that such violations also brought about a suspicion that the driver of the vehicle was intoxicated.

Deputy Lovell stated that the driver of the vehicle, later identified as appellant, explained that the vehicle did not belong to him but was his girlfriend's, and that he was having trouble operating it. As part of rou-

tine procedure, Deputy Lovell requested a driver's license check of appellant from the police dispatcher. Deputy Lovell determined that appellant was not intoxicated by lack of further physical indications of intoxication. While waiting for the dispatcher to provide information on the driver's license check, Deputy Lovell asked appellant if he had ever been arrested. Although appellant advised Lovell that he had not been arrested previously, the dispatcher returned information that appellant indeed had a previous arrest for delivery of a controlled substance. When confronted with this information by Lovell, appellant became "very nervous and fidgety, wouldn't make eye contact, and was just— just very nervous." Appellant then admitted to Lovell that he had a previous arrest for "delivery." At this point, Lovell asked appellant if he (appellant) had any weapons or contraband in the vehicle and when appellant stated that he did not, Lovell requested a consent to search the vehicle. Appellant verbally agreed to the search, and later signed a written consent form in the presence of two other police personnel. The subsequent search turned up over two pounds of cocaine under the hood of the vehicle. Appellant was then arrested. Lovell testified that the entire incident did not take any more than ten minutes from initial stop to arrest.

■ Despite the contentions in his appellate brief that Deputy Lovell was somehow acting outside the scope of his duties in both stopping and talking to appellant, it is well settled that a traffic violation committed in an officer's presence authorizes an initial stop. *McVickers v. State*, 874 S.W.2d 662, 664 (Tex.Crim.App.1993); *Garcia v. State*, 827 S.W.2d 937, 944 (Tex.Crim.App.1992). The United States Supreme Court has held that insofar as the United States Constitution is concerned, a person temporarily detained pursuant to a traffic stop is not "in custody" for the purposes of a requirement that he receive a Miranda[1] warning. *Berkemer v. McCarty*, 468 U.S. 420, 440, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 317, 334–335 (1984). *See also, Wicker v. State*, 740 S.W.2d 779, 786 (Tex.Crim.App.1987), *cert. denied*, 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278

(1988). In the instant case, the fact that appellant was no longer a D.W.I. suspect is of absolutely no consequence with regard to any subsequent questioning by Deputy Lovell as appellant was properly stopped for having committed a traffic offense in the deputy's presence, and appellant demonstrated suspicious behavior upon being questioned about his past criminal history. The Supreme Court has stated that even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual, ask to examine the individual's identification, and request consent to search his or her luggage, as long as the police do not convey a message that compliance with their requests is required. *See Florida v. Bostick*, 501 U.S. 429, 111 S.Ct. 2382, 2386–87, 115 L.Ed.2d 389, 398–399 (1991) (and cases cited therein).

In the instant case, we certainly cannot agree with appellant's contentions that the "primary purpose of the stop was found to be unfounded," or that the stop of appellant was "an unreasonable detention." The primary purpose of the stop was the traffic violation of failing to maintain a single lane. This key fact seems to be lost on appellant as he continually ignores its existence in favor of emphasizing the fact that appellant was found not to be intoxicated. Furthermore, Deputy Lovell's testimony that the entire incident took ten minutes at the most was uncontested by any other evidence presented to the trial court. The trial court is in the best position to evaluate testimony on a motion to suppress, and, therefore, appellate courts must defer to the trial court's findings. *See Davis v. State*, 829 S.W.2d 218 (Tex.Crim.App.1992). It must be remembered that the Fourth Amendment is not a guarantee against *all* searches and seizures, but only against *unreasonable* searches and seizures. *United States v. Sharpe*, 470 U.S. 675, 682, 105 S.Ct. 1568, 1573, 84 L.Ed.2d 605, 613 (1985). From the testimony in the record before us, we can find no unreasonable action or delay on the part of Deputy Lovell with regard to the traffic stop, the request for the consent to search, or any subsequent actions leading up to the discov-

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ery of the contraband in appellant's vehicle. Point of error one is overruled.

■ An issue related to the discussion and authorities set out above is the contention under appellant's second point of error that appellant's consent was involuntary. Consent to search is one of the established exceptions to the requirements of both a warrant and probable cause. *Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854, 858 (1973). Under this concept, the protections afforded by the Fourth Amendment and Article I, § 9 of the Texas Constitution may be waived by an individual consenting to a search. *Reyes v. State,* 741 S.W.2d 414, 430 (Tex.Crim.App. 1987).

■ It is well settled that the burden of proof is upon the prosecution to show by clear and convincing evidence that the consent to search was freely and voluntarily given. *Bumper v. North Carolina,* 391 U.S. 543, 549, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797, 802 (1968); *Reyes,* 741 S.W.2d at 430. The fact that a person is under arrest, legally or illegally, does not, in and of itself, prevent a free and voluntary consent from being given. *Reyes, supra.* The question of whether a consent to search was voluntary is a question of fact to be determined from the totality of all the circumstances. *Schneckloth,* 412 U.S. at 227, 93 S.Ct. at 2047, 36 L.Ed.2d at 863.

■ The operative facts of the instant case are similar to those summarized by the Court of Criminal Appeals in *Allen v. State,* 487 S.W.2d 120, 121 (Tex.Crim.App.1972), as follows:

Consent to search must be shown to be positive and unequivocal. There must not be duress or coercion, actual or implied. *Amos v. United States,* 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654 [1921]; *Overton v. N.Y.,* 393 U.S. 85, 89 S.Ct. 252, 21 L.Ed.2d 218 [1968]. The officers in the instant case were in plain clothes and no guns were visible or displayed. No representation was made to appellant that a search warrant would be obtained if he did not give his consent. Appellant did not testify nor did he offer any evidence in his behalf. We find no testimony which would suggest that there was duress or coercion, actual or implied, in obtaining the consent to search.

In the case before us, except for the fact that Deputy Lovell was in uniform, the above summary matches the facts contained in the record. As did the *Allen* Court, we too see no testimony suggesting any duress or coercion in obtaining appellant's consent to search. No error was committed by the trial court in finding the contraband admissible. Point of error two is overruled. The judgment and the sentence of the trial court are affirmed.

AFFIRMED.