NO. 07-03-0005-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 29, 2004



______________________________




ALBERTO GEORGE BARRON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;



NO. B 3664-0111; HONORABLE ED SELF, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Alberto George Barron filed a notice of appeal from his conviction in the
242nd District Court of Swisher County. The appeal was previously abated and remanded
to the trial court for further proceedings. 

 Pursuant to the abatement and remand, a supplemental clerk's record was filed with
this Court which contained an affidavit signed by appellant indicating that he no longer
wished to pursue this appeal. 

 The appeal is dismissed. The appeal having been dismissed pursuant to appellant's
request, no motion for rehearing will be entertained. Mandate will issue forthwith. 

 Phil Johnson

 Chief Justice



Do not publish. 




nt had awakened and exited the car, Officer James Baucum conducted field
sobriety tests and administered a breath test; none supported the inference that appellant
was intoxicated due to the ingestion of alcohol. However, appellant admitted to the officers
that he had drunk alcohol and smoked marijuana. There were also track marks on his
arms, and he exhibited signs of extreme fatigue. This caused Baucum, a drug recognition
expert, to believe that appellant was coming down from the use of a drug such as cocaine
or methamphetamine. Baucum then asked for consent to search the vehicle, which
appellant granted. Methamphetamine, $20 bills, and small ziploc bags were subsequently
discovered in it. 

 Appellant contends that his detention was unreasonable because the officer 1) no
longer believed he (appellant) was under the influence of alcohol at the time he requested
permission to search and 2) had no other reasonable suspicion upon which to investigate
further. The trial court manifested its disagreement with the allegations by denying
appellant's motion to suppress. We review the latter decision under the standard
announced in Johnson v. State, 68 S.W.3d 644 (Tex. Crim. App. 2002) and Guzman v.
State, 955 S.W.2d 85 (Tex. Crim. App. 1997). Furthermore, it requires us to give almost
total deference to the trial court's findings of historical fact and review de novo the
application of the law to the facts. Johnson v. State, 68 S.W.3d at 652-53. 

 We have held that an officer may ask a driver if he possesses illegal contraband and
solicit voluntary consent to search even after an officer's suspicions which justified an initial
investigative detention have been allayed. Robledo v. State, No. 07-04-0561-CR, 2005
Tex. App. lexis 7691 at *4 (Tex. App.-Amarillo September 14, 2005, no pet. h.); Strauss
v. State, 121 S.W.3d 486, 491 (Tex. App.-Amarillo 2003, pet. ref'd). Requesting such
consent is not an unlawful seizure, and neither probable cause nor reasonable suspicion
is required for the officer to ask. James v. State, 102 S.W.3d 162, 173 (Tex. App.-Fort
Worth 2003, pet. ref'd). Indeed, the fact that a detainee is no longer suspected of driving
while intoxicated due to the ingestion of alcohol does not prevent the officer from making
the request as long as the officer does not convey a message that compliance is required. 
Brown v. State, 890 S.W.2d 546, 548 (Tex. App.-Beaumont 1994, no pet.). And, if
consent is withheld, then further detention of either the suspect or chattel is improper
without specific articulable facts which provide the officer reason to believe that the
detainee engaged in, or is engaging in, or soon will engage in criminal activity. Strauss v.
State, 121 S.W.3d at 491-92. 

 At the suppression hearing here, Baucum testified that appellant's performance on
the field sobriety tests and the breath test gave no clues that appellant was intoxicated on
a depressant (including alcohol), inhalant, or PCP. He also said to Scott that "I have got
nothing on this suspect." Baucum described his comment as referring to the presence of
those three drugs. However, he believed that appellant's behavior was abnormal for a
sober person. So, the officer decided to continue his investigation and ask for consent to
search the vehicle.

 Given our decision in Robledo, the officer did not transgress constitutional
prohibition by asking for consent to search, irrespective of whether articulable facts
indicative of criminal activity appears of record. Nonetheless, such facts actually exist in
the form of appellant's careless driving, extreme fatigue (including his falling asleep while
the motor of his car was running), droopy eyes, track marks, possession of an open beer
container, admission of having smoked marijuana and drunk alcohol and the officer's
training and experience which indicated that appellant was on the down side of a
methamphetamine trip. So, the continued temporary detention was justified. Compare
Davis v. State, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997) (wherein the court determined
that the purpose of the stop had been effectuated when the defendant explained that he
was not intoxicated but merely tired and no odor of alcohol or drugs emanated from his
person or vehicle). 

 Accordingly, we overrule appellant's issue and affirm the judgment of the trial court.


 Brian Quinn 

 Chief Justice

Do not publish.