NO. 07-04-0105-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 28, 2005


______________________________



JASON COOK, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-404,582; HON. JIM BOB DARNELL, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant, Jason Cook, was convicted of possessing methamphetamine with intent
to deliver in an amount of less than 200 grams but at least four grams. In one issue, he
argues that the trial court erred in failing to grant his motion to suppress. We affirm the
judgment of the trial court.

 On June 27, 2003, around 11:00 p.m., Craig Campbell called police because he had
observed a vehicle drive slowly down his street, run up onto the curb, return to the street
and stop with the engine running. Chief Rick Scott, who initially answered the call,
approached the vehicle, which was facing the wrong way in front of a residence, and saw
appellant asleep in the driver's seat with an open can of beer between his legs. After
appellant had awakened and exited the car, Officer James Baucum conducted field
sobriety tests and administered a breath test; none supported the inference that appellant
was intoxicated due to the ingestion of alcohol. However, appellant admitted to the officers
that he had drunk alcohol and smoked marijuana. There were also track marks on his
arms, and he exhibited signs of extreme fatigue. This caused Baucum, a drug recognition
expert, to believe that appellant was coming down from the use of a drug such as cocaine
or methamphetamine. Baucum then asked for consent to search the vehicle, which
appellant granted. Methamphetamine, $20 bills, and small ziploc bags were subsequently
discovered in it. 

 Appellant contends that his detention was unreasonable because the officer 1) no
longer believed he (appellant) was under the influence of alcohol at the time he requested
permission to search and 2) had no other reasonable suspicion upon which to investigate
further. The trial court manifested its disagreement with the allegations by denying
appellant's motion to suppress. We review the latter decision under the standard
announced in Johnson v. State, 68 S.W.3d 644 (Tex. Crim. App. 2002) and Guzman v.
State, 955 S.W.2d 85 (Tex. Crim. App. 1997). Furthermore, it requires us to give almost
total deference to the trial court's findings of historical fact and review de novo the
application of the law to the facts. Johnson v. State, 68 S.W.3d at 652-53. 

 We have held that an officer may ask a driver if he possesses illegal contraband and
solicit voluntary consent to search even after an officer's suspicions which justified an initial
investigative detention have been allayed. Robledo v. State, No. 07-04-0561-CR, 2005
Tex. App. lexis 7691 at *4 (Tex. App.-Amarillo September 14, 2005, no pet. h.); Strauss
v. State, 121 S.W.3d 486, 491 (Tex. App.-Amarillo 2003, pet. ref'd). Requesting such
consent is not an unlawful seizure, and neither probable cause nor reasonable suspicion
is required for the officer to ask. James v. State, 102 S.W.3d 162, 173 (Tex. App.-Fort
Worth 2003, pet. ref'd). Indeed, the fact that a detainee is no longer suspected of driving
while intoxicated due to the ingestion of alcohol does not prevent the officer from making
the request as long as the officer does not convey a message that compliance is required. 
Brown v. State, 890 S.W.2d 546, 548 (Tex. App.-Beaumont 1994, no pet.). And, if
consent is withheld, then further detention of either the suspect or chattel is improper
without specific articulable facts which provide the officer reason to believe that the
detainee engaged in, or is engaging in, or soon will engage in criminal activity. Strauss v.
State, 121 S.W.3d at 491-92. 

 At the suppression hearing here, Baucum testified that appellant's performance on
the field sobriety tests and the breath test gave no clues that appellant was intoxicated on
a depressant (including alcohol), inhalant, or PCP. He also said to Scott that "I have got
nothing on this suspect." Baucum described his comment as referring to the presence of
those three drugs. However, he believed that appellant's behavior was abnormal for a
sober person. So, the officer decided to continue his investigation and ask for consent to
search the vehicle.

 Given our decision in Robledo, the officer did not transgress constitutional
prohibition by asking for consent to search, irrespective of whether articulable facts
indicative of criminal activity appears of record. Nonetheless, such facts actually exist in
the form of appellant's careless driving, extreme fatigue (including his falling asleep while
the motor of his car was running), droopy eyes, track marks, possession of an open beer
container, admission of having smoked marijuana and drunk alcohol and the officer's
training and experience which indicated that appellant was on the down side of a
methamphetamine trip. So, the continued temporary detention was justified. Compare
Davis v. State, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997) (wherein the court determined
that the purpose of the stop had been effectuated when the defendant explained that he
was not intoxicated but merely tired and no odor of alcohol or drugs emanated from his
person or vehicle). 

 Accordingly, we overrule appellant's issue and affirm the judgment of the trial court.


 Brian Quinn 

 Chief Justice

Do not publish. 



cient to support the judgment entered.
Standard of Review
          Findings of fact in a case tried to the court have the same force and dignity as a
jury’s verdict upon jury questions. See Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex.
1994). When a non-jury trial is conducted with a court reporter, these findings are
reviewed for legal and factual sufficiency of the evidence the same as jury findings. See 
Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996). 
          Under the legal sufficiency standard, we must credit evidence that supports the
judgment if a reasonable fact finder could, and we must disregard contrary evidence unless
a reasonable fact finder could not. See City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex.
2005). If the evidence falls within the zone of reasonable disagreement, we may not
invade the fact finder’s role. See Id. at 822. The fact finder alone determines the credibility
of the witnesses, the weight to give their testimony, and whether to accept or reject all or
part of that testimony. See Id. at 819. Unless there is no favorable evidence to support
the challenged finding or if contrary evidence renders supporting evidence incompetent or
conclusively establishes the opposite of the finding, we must affirm. See Id. at 810-11. 
          In considering the factual sufficiency of the evidence, we must examine the whole
record to determine whether the evidence supports the finding of the fact finder. See 
Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761-62 (Tex. 2003). The mere
fact that we might have reached a different conclusion on the facts does not authorize us
to substitute our judgment for that of the fact finder. See Richmond Condominiums v.
Skipworth Commercial Plumbing, Inc., 245 S.W.3d 646, 658 (Tex.App.–Fort Worth 2008,
no pet.).
Analysis
          By her petition for declaratory relief, Mangum was requesting a judicial declaration
that she had an implied easement by necessity across the property of Penney. To be
entitled to an implied easement by necessity Mangrum had to prove three elements: 1)
unity of ownership prior to severance, 2) access must be a necessity and not a mere
convenience, and 3) the necessity must exist at the time of severance of the dominant and
servient estates. See Koonce v. Brite Estate, 663 S.W.2d 451, 452 (Tex. 1984). In her
appeal, Penney is not challenging the first element. Accordingly, we must examine the
evidence regarding the second and third elements.
          The record contains a survey of the entire 1.97 acres. This survey reflects that FM
1187 is the only designated public road or highway that connects to the subject property. 
In addition, an aerial photograph of the entire 7.97 acre tract was introduced into evidence. 
This photograph showed two possible roads that appeared to dead end on the west
property line of the 1.97 acre and five acre tracts. Further testimony was introduced that
indicated that these roads were part of a private development and were not dedicated to
the use by the general public. Therefore, the only apparent access to the property was
from FM 1187 on the north side of Penney’s property. Further, Mangum testified to this
fact during the presentation of her case. Penney argues that she has never denied
Mangum access. According to Penney, this defeats the necessity of access at the time
of severance. However, Penney misunderstands the element. The fact that she has not
heretofore denied access is not the controlling issue. Her licensing permissive use does
not defeat the necessity of the easement. See Bains v. Parker, 143 Tex. 57, 182 S.W.2d
397, 399 (1944). The record clearly shows that at the time of severance the only access
to Mangum’s property was from FM 1187. Further, as the only access, access from FM
1187 is not just a matter of convenience but rather of necessity. Under this state of the
record we cannot say that there is no favorable evidence supporting the trial court’s
judgment, and neither can we say that contrary evidence renders supporting evidence
incompetent or conclusively establishes the opposite of the finding. See City of Keller, 168
S.W.3d at 822. Therefore, we must overrule Penney’s legal sufficiency issue.
          When we review the entire record under the standard of review for factual
sufficiency, we come to the same conclusion. The evidence is factually sufficient to
support the judgment. See Golden Eagle Archery, Inc., 116 S.W.3d at 761-62. We
therefore, overrule Penney’s issue regarding factual sufficiency.
 
Conclusion
          Having overruled Penney’s issues, we affirm the judgment of the trial court.
 
                                                                           Mackey K. Hancock

                                                                                     Justice