NO. 07-04-0105-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 28, 2005

_____

JASON COOK,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-404,582; HON. JIM BOB DARNELL, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Jason Cook, was convicted of possessing methamphetamine with intent to deliver in an amount of less than 200 grams but at least four grams. In one issue, he argues that the trial court erred in failing to grant his motion to suppress. We affirm the judgment of the trial court.

On June 27, 2003, around 11:00 p.m., Craig Campbell called police because he had observed a vehicle drive slowly down his street, run up onto the curb, return to the street

and stop with the engine running. Chief Rick Scott, who initially answered the call, approached the vehicle, which was facing the wrong way in front of a residence, and saw appellant asleep in the driver's seat with an open can of beer between his legs. After appellant had awakened and exited the car, Officer James Baucum conducted field sobriety tests and administered a breath test; none supported the inference that appellant was intoxicated due to the ingestion of alcohol. However, appellant admitted to the officers that he had drunk alcohol and smoked marijuana. There were also track marks on his arms, and he exhibited signs of extreme fatigue. This caused Baucum, a drug recognition expert, to believe that appellant was coming down from the use of a drug such as cocaine or methamphetamine. Baucum then asked for consent to search the vehicle, which appellant granted. Methamphetamine, $20 bills, and small ziploc bags were subsequently discovered in it.

Appellant contends that his detention was unreasonable because the officer 1) no longer believed he (appellant) was under the influence of alcohol at the time he requested permission to search and 2) had no other reasonable suspicion upon which to investigate further. The trial court manifested its disagreement with the allegations by denying appellant's motion to suppress. We review the latter decision under the standard announced in *Johnson v. State,* 68 S.W.3d 644 (Tex. Crim. App. 2002) and *Guzman v. State,* 955 S.W.2d 85 (Tex. Crim. App. 1997). Furthermore, it requires us to give almost total deference to the trial court's findings of historical fact and review *de novo* the application of the law to the facts. *Johnson v. State,* 68 S.W.3d at 652-53.

2

We have held that an officer may ask a driver if he possesses illegal contraband and solicit voluntary consent to search even after an officer's suspicions which justified an initial investigative detention have been allayed. *Robledo v. State,* No. 07-04-0561-CR, 2005 Tex. App. LEXIS 7691 at *4 (Tex. App.–Amarillo September 14, 2005, no pet. h.); *Strauss v. State,* 121 S.W.3d 486, 491 (Tex. App.–Amarillo 2003, pet. ref'd). Requesting such consent is not an unlawful seizure, and neither probable cause nor reasonable suspicion is required for the officer to ask. *James v. State,* 102 S.W.3d 162, 173 (Tex. App.–Fort Worth 2003, pet. ref'd). Indeed, the fact that a detainee is no longer suspected of driving while intoxicated due to the ingestion of alcohol does not prevent the officer from making the request as long as the officer does not convey a message that compliance is required. *Brown v. State,* 890 S.W.2d 546, 548 (Tex. App.–Beaumont 1994, no pet.). And, if consent is withheld, then further detention of either the suspect or chattel is improper without specific articulable facts which provide the officer reason to believe that the detainee engaged in, or is engaging in, or soon will engage in criminal activity. *Strauss v. State,* 121 S.W.3d at 491-92.

At the suppression hearing here, Baucum testified that appellant's performance on the field sobriety tests and the breath test gave no clues that appellant was intoxicated on a depressant (including alcohol), inhalant, or PCP. He also said to Scott that "I have got nothing on this suspect." Baucum described his comment as referring to the presence of those three drugs. However, he believed that appellant's behavior was abnormal for a sober person. So, the officer decided to continue his investigation and ask for consent to search the vehicle.

3

Given our decision in *Robledo*, the officer did not transgress constitutional prohibition by asking for consent to search, irrespective of whether articulable facts indicative of criminal activity appears of record. Nonetheless, such facts actually exist in the form of appellant's careless driving, extreme fatigue (including his falling asleep while the motor of his car was running), droopy eyes, track marks, possession of an open beer container, admission of having smoked marijuana and drunk alcohol and the officer's training and experience which indicated that appellant was on the down side of a methamphetamine trip. So, the continued temporary detention was justified. *Compare Davis v. State,* 947 S.W.2d 240, 245 (Tex. Crim. App. 1997) (wherein the court determined that the purpose of the stop had been effectuated when the defendant explained that he was not intoxicated but merely tired and no odor of alcohol or drugs emanated from his person or vehicle).

Accordingly, we overrule appellant's issue and affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Do not publish.

4