COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-270-CR
 
 
LEEVON 
MONTREAL CHAPPELL                                              APPELLANT
 
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
Leevon Montreal Chappell pleaded not guilty to one count of possession of a 
controlled substance with intent to deliver and one count of possession of a 
controlled substance. A jury convicted Chappell of both offenses and assessed 
his punishment at sixty years’ confinement for each count. In two issues, 
Chappell complains that the trial court erred by denying his motion to suppress 
and that the evidence is legally and factually insufficient to support the 
jury’s verdict. We will affirm.
II. Factual 
Background
        On 
November 8, 2002, an outstanding warrant existed for the arrest of Chappell. 
That day, Fort Worth police officers searched for Chappell; Officer Greg Jones 
had a photograph of Chappell and had gathered information indicating that 
Chappell drove a Ford F-150 Harley-Davidson edition pickup truck and frequented 
a particular gas station.
        That 
evening, Officer Jones visited the gas station and observed Chappell and two 
other individuals exiting the station and walking towards a Ford F-150 
Harley-Davidson edition truck. All three individuals got in the truck; Chappell 
sat in the driver’s seat, another individual sat in the passenger seat, and 
the third individual sat in the back right seat. Officer Jones requested backup, 
and officers initiated a stop just after Chappell pulled away from the gas pump. 
Officers handcuffed Chappell and detained him in the rear of Officer Jones’s 
vehicle. After verifying that the warrant was still active, Officer Jones placed 
Chappell under arrest.
        Officers 
James Grow and J.A. Farrah searched Chappell’s vehicle. Officer Grow smelled a 
vinegary, acidic type odor emanating from the back seat of the vehicle. He 
opened the center console, removed the cup holder portion of the console by 
hand, and observed a handgun, capsules in clear plastic bags, and an 
aluminum-foil wrapped object containing a black substance. Subsequent analysis 
indicated that some capsules contained heroin and some capsules contained 
cocaine. Analysis of the black mass found in the aluminum-foil indicated that it 
was black tar heroin. The substances consisted of a total of 144.97 grams of 
heroin and 9.87 grams of cocaine.
        Chappell 
pleaded not guilty to the offenses of possession with intent to deliver a 
controlled substance of four grams or more but less than two-hundred grams, 
namely heroin and to possession of a controlled substance of four grams or more 
but less than two hundred grams, namely heroin. A jury found Chappell guilty of 
both offenses, and this appeal followed.
III. Motion to 
Suppress
        In 
his first issue, Chappell argues that the trial court erred by denying his 
motion to suppress because the State “did not prove that [he] was under arrest 
pursuant to a valid warrant at the time that the search led to the smell of 
heroin.” See U.S. Const 
amend. IV; Tex. Const. art. I, § 
9; see also Tex. Code Crim. Proc. 
Ann. art. 38.23(a) (Vernon 2005). Chappell further emphasizes that at the 
suppression hearing, officers characterized their initial search as an 
“inventory” search, not a search incident to arrest. The State maintains 
that the evidence sought to be suppressed was properly seized pursuant to a 
search incident to arrest.
        We 
review a trial court’s ruling on a motion to suppress evidence under a 
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 
(Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. 
App. 1997). In reviewing the trial court’s decision, we do not engage in our 
own factual review. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 
1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, 
no pet.). At a suppression hearing, the trial judge is the sole trier of fact 
and judge of the credibility of the witnesses and the weight to be given to 
their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 
2000). Therefore, we give almost total deference to the trial court’s ruling 
on (1) questions of historical fact and (2) application-of-law-to-fact questions 
that turn on an evaluation of credibility and demeanor. Johnson v. State, 
68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); Best, 118 S.W.3d at 861-62. 
However, we review de novo a trial court’s rulings on mixed questions of law 
and fact if they do not turn on the credibility and demeanor of witnesses. Johnson, 
68 S.W.3d at 652-53.
        In 
determining whether the trial court’s decision is supported by the record, we 
generally consider only evidence adduced at the suppression hearing because the 
ruling was based on it rather than evidence introduced later. Rachal v. State, 
917 S.W.2d 799, 809 (Tex. Crim. App.), cert. denied, 519 U.S. 1043 
(1996); Green v. State, 78 S.W.3d 604, 608 (Tex. App.—Fort Worth 2002, 
no pet.). However, this general rule is inapplicable where the suppression issue 
is consensually relitigated by the parties during the trial on the merits. Rachal, 
917 S.W.2d at 809; Green, 78 S.W.3d at 608. Here, during the trial on the 
merits, Chappell’s trial counsel reurged his objections presented at the 
earlier suppression hearing to the admission of the items found in Chappell’s 
vehicle. The grounds urged in the suppression motion were not relitigated; 
therefore, we limit our scope of review to the evidence presented at the 
suppression hearing. See James v. State, 102 S.W.3d 162, 170 (Tex. 
App.—Fort Worth 2003, pet ref’d.).
        Warrantless 
searches are presumptively unreasonable under the Fourth Amendment. See 
United States v. Karo, 468 U.S. 705, 717, 104 S. Ct. 3296, 3304 (1984); Kolb 
v. State, 532 S.W.2d 87, 89 (Tex. Crim. App. 1976). However, the United 
States Supreme Court has recognized a number of exceptions to the warrant 
requirement, including the search incident to arrest. See Chimel v. 
California, 395 U.S. 752, 762-63, 89 S. Ct. 2034, 2040 (1969); see also 
Tex. Code Crim. Proc. Ann. art. 
59.03(b)(4) (allowing officer to seize property without warrant if seizure 
incident to lawful arrest or lawful search incident to arrest). A lawful 
custodial arrest allows officers to search a defendant, or the area within the 
defendant’s immediate control, for evidence and weapons in an effort to 
prevent concealment or destruction. See Chimel, 395 U.S. at 762-63, 89 S. 
Ct. at 2040. As applied to occupants of an automobile subject to a lawful 
arrest, the Court in New York v. Belton stated, “[W]e hold that when a 
policeman has made a lawful custodial arrest of the occupant of an automobile, 
he may, as a contemporaneous incident of that arrest, search the passenger 
compartment of that automobile.” 453 U.S. 454, 460, 101 S. Ct. 2860, 2864 
(1981) (footnotes omitted). A lawful search also includes the contents of 
containers found within the passenger compartment of the vehicle. See id. 
at 460-61, 101 S. Ct. at 2864. In Belton, the Court stated in footnote 
four that,
   
“Container” here denotes any object capable of holding another object. It 
thus includes closed or open glove compartments, consoles, or other receptacles 
located anywhere within the passenger compartment, as well as luggage, boxes, 
bags, clothing, and the like. Our holding encompasses only the interior of the 
passenger compartment of an automobile and does not encompass the trunk.
  
See 
id. at 461, 101 S. Ct. at 2864 n.4. Moreover, a search under Belton is 
allowed even when the defendant has been handcuffed and placed in a police car. See 
Pettigrew v. State, 908 S.W.2d 563, 570 (Tex. App.—Fort Worth 1995, pet. 
ref’d).
        The 
trial court overruled Chappell’s motion to suppress at the conclusion of the 
hearing. The trial judge reasoned that Chappell was lawfully arrested pursuant 
to a warrant “issued by a state district judge dictating and demanding his 
arrest” and that the evidence was seized pursuant to a search incident to 
arrest, not an inventory. The trial judge found that the front part of the 
console was closest to the driver’s area of the vehicle and further analogized 
the dismantling of the console and subsequent search thereof to the search of a 
glove box because no tools or special devices were used to remove the cup holder 
from the console.
        Our 
review of the evidence adduced at the suppression hearing leads us to the same 
conclusion. Officer Jones verified that the warrant was still active before he 
placed Chappell under arrest, and Officer Grow testified that he began the 
“inventory” after Chappell’s arrest warrant had been confirmed; the search 
was therefore preceded by a lawful arrest. Officer Grow smelled an acidic, 
vinegary odor emanating from the rear portion of the passenger compartment. He 
also noticed “gouges” in the plastic of the rear console and subsequently 
removed the cup holder portion of the console with his hands. Inside he observed 
two clear plastic bags of capsules, an aluminum foil-wrapped object, and a 
handgun. Based on Officer Grow’s training and experience, he believed that the 
capsules contained heroin and cocaine and that the silver object contained what 
appeared to be black tar heroin. Thus, the search of the console occurred in the 
passenger compartment of Chappell’s vehicle, not the trunk, and Officer 
Grow’s entry into the console, a “container,” did not exceed the 
permissible scope of his search. See Belton, 453 U.S. at 460-61,101 S. 
Ct. at 2864. Accordingly, officers acquired the evidence Chappell moved to 
suppress pursuant to a search incident to arrest, and the trial court did not 
err by overruling Chappell’s motion. We overrule Chappell’s first issue.
IV. Legal and 
Factual Sufficiency
        In 
his second point, Chappell argues that the evidence is legally and factually 
insufficient to support the conviction “as to possession of a controlled 
substance.” Chappell contends that the evidence is insufficient because there 
was no evidence that he “ever drove the vehicle at any time other than for 
four or five feet at the Exxon station” and because the State failed to show 
that he “had ever been in the vehicle prior to the time it was observed by the 
officers.” The State contends that the evidence is legally and factually 
sufficient.
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 
618, 620 (Tex. Crim. App. 2004).
        This 
standard gives full play to the responsibility of the trier of fact to resolve 
conflicts in the testimony, to weigh the evidence, and to draw reasonable 
inferences from basic facts to ultimate facts. Jackson, 443 U.S. at 319, 
99 S. Ct. at 2789. The trier of fact is the sole judge of the weight and 
credibility of the evidence. See Tex. 
Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v. State, 
34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when performing a legal 
sufficiency review, we may not re-evaluate the weight and credibility of the 
evidence and substitute our judgment for that of the fact finder. Dewberry v. 
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000). We must resolve any inconsistencies in the evidence in favor 
of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 
2000).
        In 
contrast, when reviewing the factual sufficiency of the evidence to support a 
conviction, we are to view all the evidence in a neutral light, favoring neither 
party. See Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004). 
The only question to be answered in a factual sufficiency review is whether, 
considering the evidence in a neutral light, the fact finder was rationally 
justified in finding guilt beyond a reasonable doubt. Id. at 484. There 
are two ways evidence may be factually insufficient: (1) the evidence supporting 
the verdict or judgment, considered by itself, is too weak to support the 
finding of guilt beyond a reasonable doubt; or (2) when there is evidence both 
supporting and contradicting the verdict or judgment, weighing all of the 
evidence, the contrary evidence is so strong that guilt cannot be proven beyond 
a reasonable doubt. Id. at 484-85. “This standard acknowledges that 
evidence of guilt can ‘preponderate’ in favor of conviction but still be 
insufficient to prove the elements of the crime beyond a reasonable doubt.” Id. 
at 485. In other words, evidence supporting a guilty finding can outweigh the 
contrary proof but still be insufficient to prove the elements of an offense 
beyond a reasonable doubt. Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses. Id. at 481; Cain v. State, 958 S.W.2d 
404, 407 (Tex. Crim. App. 1997). We may not substitute our judgment for that of 
the fact finder’s. Zuniga, 144 S.W.3d at 482.
        A 
proper factual sufficiency review requires an examination of all the evidence. Id. 
at 484, 486-87. An opinion addressing factual sufficiency must include a 
discussion of the most important and relevant evidence that supports the 
appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 
(Tex. Crim. App. 2003).
        A 
person commits an offense if the person knowingly manufactures, delivers, or 
possesses with intent to deliver a controlled substance, such as heroin. See Tex. Health & Safety Code Ann. § 
481.112(a) (Vernon 2003). Likewise, a person commits an offense if the person 
knowingly or intentionally possesses a controlled substance, such as heroin. See 
id. § 481.115(a).
        When 
an accused is charged with unlawful possession of a controlled substance, the 
State must prove that the defendant exercised actual care, custody, control, or 
management over the contraband and that he knew the substance in his possession 
was a controlled substance. Id. §§ 481.002(38), 481.112(a); see 
Armstrong v. State, 82 S.W.3d 444, 448 (Tex. Crim. App. 2002); McQuarters 
v. State, 58 S.W.3d 250, 259 (Tex. App.—Fort Worth, pet. ref’d). In a 
possession with intent to deliver case, the State must further prove that the 
accused intended to deliver the controlled substance to another. See Tex. Health & Safety Code Ann. § 
481.112(a); Nhem v. State, 129 S.W.3d 696, 699 (Tex. App.—Houston [1st 
Dist.] 2004, no pet.).
        When 
the controlled substance is not found in the accused’s exclusive possession, 
additional independent facts must affirmatively link the accused to the 
controlled substance. See Taylor v. State, 106 S.W.3d 827, 830-31 (Tex. 
App.—Dallas 2003, no pet.). The “affirmative links” analysis is used by 
courts to review evidence relating to the accused’s knowledge and control of 
the controlled substance. See McQuarters, 58 S.W.3d at 259. Possession 
may be proved by circumstantial evidence. See Wootton v. State, 132 
S.W.3d 80, 87 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d). The 
evidence, however, must demonstrate that the accused’s connection to the 
controlled substance was more than just fortuitous. See id. Knowledge of 
the presence of contraband may be inferred from control over the vehicle; 
however, when the contraband is found in a hidden compartment of a vehicle, the 
court must examine other additional circumstantial evidence “indicating a 
consciousness of guilt on the part of the defendant.” See Castellano v. 
State, 810 S.W.2d 800, 806 (Tex. App.—Austin 1991, no pet.); see also 
United States v. Garza, 990 F.2d 171, 174 (5th Cir. 1993).
        Factors 
typically used when determining whether the evidence is sufficient to 
affirmatively link an accused to a controlled substance include: (1) whether the 
contraband was found in proximity to and accessible to the defendant; (2) 
whether the defendant was present when the drugs were found; (3) whether the 
defendant possessed other contraband or drug paraphernalia; (4) whether there 
was an odor of the contraband; (5) whether the defendant owned or had the right 
to possess the place where the drugs were found; (6) whether the place where the 
drugs were found was enclosed; (7) whether the accused was the driver of the 
automobile in which the contraband was found; (8) whether the defendant was 
found with a large amount of cash; (9) whether the defendant was under the 
influence of narcotics when arrested; (10) the amount of drugs found; and (11) 
whether the defendant possessed weapons. Taylor, 106 S.W.3d at 831; McQuarters, 
58 S.W.3d at 259; see also Hudson v. State, 128 S.W.3d 367, 374 (Tex. 
App.—Texarkana 2004, no pet.). The number of relevant factors is less 
significant than the logical force to which they establish a link between the 
accused and the controlled substance. See Taylor, 106 S.W.3d at 831; Hudson, 
128 S.W.3d at 374. Accordingly, affirmative links are established by the 
totality of the circumstances. See Wootton, 132 S.W.3d at 87.
        In 
addition to the evidence detailed above, analysis of the contraband found in 
Chappell’s vehicle yielded a significant amount of heroin, 144.97 grams, and 
testimony showed that the total value of all the narcotics discovered had a 
street value of around $14,000. The evidence further demonstrated that the 
vehicle was registered to Chappell and that he authorized his mother in a 
notarized letter to retrieve the vehicle from the Fort Worth city pound. In the 
letter, Chappell described the vehicle as “my car.”
        Moreover, 
the above facts establishing “affirmative links” are supplemented by the 
testimony of Officer Bruce Blaisdell, who testified extensively on the topic of 
narcotics trafficking. Officer Blaisdell reasoned that it was common for drug 
dealers to sell from their car for a number of reasons. First, the vehicle is a 
good place to hide things; second, it prevents customers from knowing where the 
dealer lives; third, it is easier to leave if the dealer finds himself in an 
uncomfortable situation; and fourth, it prevents neighbors from becoming 
suspicious and reporting the activity to authorities. Officer Blaisdell opined 
that it was common for a dealer to bring multiple people with him for 
protection, that it’s common for dealers to hide narcotics inside various 
compartments of a vehicle, and that it’s common to find firearms along with 
the narcotics. Significantly, Officer Blaisdell testified that when a large 
amount of narcotics is discovered, as in this case, this typically indicates 
that the accused is a dealer intending to sell, not merely a user. Users 
normally possess small amounts of narcotics and usually do not have hidden 
compartments in their vehicles for transporting narcotics. Officer Blaisdell 
further reasoned that it would be uncommon for a vehicle owner and driver not to 
know that there is a hidden compartment containing narcotics in his vehicle.
        Chappell’s 
argument that the evidence is insufficient because the State did not prove that 
he had previously driven the vehicle or that he had ever been inside the vehicle 
is unconvincing considering our analysis and application of the aforementioned 
affirmative links.
        Viewing 
the evidence in the light most favorable to the verdict, we hold that sufficient 
“affirmative links” exist connecting Chappell to the heroin to permit a 
rational jury to conclude beyond a reasonable doubt that he possessed a 
controlled substance and that he intended to distribute a controlled substance. See 
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Taylor, 106 S.W.3d at 
830-31; McQuarters, 58 S.W.3d at 259. Likewise, considering the evidence 
in a neutral light, we hold that the jury was rationally justified in finding 
guilt beyond a reasonable doubt; the evidence supporting the verdict is not too 
weak to support the finding of guilt beyond a reasonable doubt, and weighing all 
of the evidence, the contrary evidence is not so strong that guilt cannot be 
proven beyond a reasonable doubt. See Zuniga, 144 S.W.3d at 484-85; Wootton, 
132 S.W.3d at 87. Accordingly, we hold that the jury’s verdict is supported by 
legally and factually sufficient evidence. We overrule Chappell’s second 
issue.
V. Conclusion
        Having 
overruled both of Chappell’s issues, we affirm the trial court’s judgment.
  
 
                                                          PER 
CURIAM
 
 
  
PANEL 
F:   WALKER, J.; CAYCE, C.J.; and MCCOY, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 14, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.